

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 22, 1975

The Honorable Bill Clayton
Speaker of the House
of Representatives
State Capitol Building
Austin, Texas 78767

Dear Speaker Clayton:

Opinion No. H- 614

Re: Effect of a legislator's
doing legal work for a special
interest group and subsequently
sponsoring legislation affecting
that group.

You have asked that we consider several questions involving a legislator's performing legal work for an interest group and his subsequent sponsorship of legislation in which the group was interested.

The questions all relate to a particular situation which has been described to us. A member of the House of Representatives who is a lawyer was approached by an association with a request that he prepare a memorandum for the association outlining the current Texas law concerning a particular matter. The legislator performed the necessary legal research and delivered the memorandum in February, 1975. Although the legislator has not yet submitted a bill for his legal work in preparing the memorandum, it is the type of work for which attorneys customarily charge a fee.

Approximately one month later at the request of the same association, the legislator met with several of its members who were concerned with the current state of Texas law on the same subject treated in the memorandum he had prepared. The legislator did not know these individuals before that meeting although he was aware that they were members of the association. The legislator advises us that he dealt with these persons as individuals and not as members of the organization. These individuals asked the legislator to draft legislation responsive to problems they perceived in regard to the matter. The legislation was regarded as a temporary measure pending an in-depth study and comprehensive revision of the applicable laws. The legislator studied the subject and agreed to draft and sponsor the legislation. You indicate that he did not and does not expect to receive any benefits flowing from his meeting, or from his sponsorship of the legislation.

Your questions relating to this situation can be summarized as follows:

(1) Since the legislator introduced the legislation will there be a violation of the Penal Code if he accepts a legal fee for his work in preparing the memorandum on the same subject?

(2) If the legislator had not introduced the bill would there have been a violation of the Penal Code if the legislator had submitted his fee to the association for his legal work in preparing the memorandum?

(3) Does sponsorship of the bill after having prepared the legal analysis violate article 6252-9b, V.T.C.S.?

(4) Does any potential violation of article 6252-9b depend on whether payment was received for the legal services?

Potential violations of the Penal Code on the part of the legislator would be found in chapter 36 of the Penal Code. Section 36.02 of the Penal Code relates to bribery and provides:

(b) A public servant or party official commits an offense if he knowingly solicits, accepts, or agrees to accept any benefit on the representation or understanding that he will be influenced in a specific exercise of his official powers or a specific performance of his official duties.

. . .

(d) An offense under this section is a felony of the third degree unless committed under Subsection (b) of this section, in which event it is a felony of the second degree.

There is no violation of section 36.02 by a legislator unless there is a representation or understanding that he will be influenced in a specific exercise of his official powers. See Attorney General Opinion H-265 (1974). You have not stated in your factual situation that there was such a represent- ation or understanding. Absent proof of this element, no violation of sec- tion 36.02 could be established.

Section 36.08 of the Penal Code provides in part:

> (f) A public servant who is a member of or employed by the legislature or by an agency of the legislature commits an offense if he solicits, accepts, or agrees to accept any benefit from a person the public servant knows is interested in any matter pending before or contemplated by the legislature or an agency of the legislature.
>
> (g) An offense under this section is a Class A misdemeanor.

To establish this offense it is not necessary to demonstrate that there was a representation or understanding that the legislator would be influenced in a specific exercise of his official duties. The offense could be established if it could be proved to a finder of fact beyond a reasonable doubt that (1) the association was interested in any matter pending before or contemplated by the Legislature, (2) the legislator knew that fact,(3) he solicited, accepted or agreed to accept a benefit from the association, and (4) any facts consti- tuting an asserted defense are found not to exist. All four factors would have to be proved before a conviction could be returned.

The issue of a defense is submitted only if the defendant offers evidence to support it. However, once evidence is offered supporting the defense the prosecutor must negate it beyond a reasonable doubt or the defendant must be acquitted. Penal Code, § 2.03.

A defense to a section 36.08 prosecution is found in section 36.10 of the Penal Code. Section 36.10 provides in part that:

It is a defense to prosecution under Section 36.07 (Compensation for Past Official Behavior), 36.08 (Gift to Public Servant), or 36.09 (Offering Gift to Public Servant) of this code that the benefit involved was:

(1) a fee prescribed by law to be received by a public servant or any other benefit to which the public servant is lawfully entitled;

The commentary to section 36.10 explains this defense:

Subdivision (1) exempts fees prescribed by law and compensation earned by the recipient in an unofficial capacity, for example. The conflict of interest that may exist when a public official is employed in an unofficial capacity by someone with a pecuniary interest in his official acts can be handled more appropriately by comprehensive conflict-of-interest statutes than by criminal sanctions. See, e.g., R.C.S. art. 6252-9b. Practice Commentary, Vernon's Annotated Penal Code, § 36.10 at 27-28.

Thus, if evidence were offered that any benefit received was a legitimate professional fee, then a prosecutor would have to negate that assertion beyond a reasonable doubt before a conviction could be returned under section 36.08. See Attorney General Opinion H-551 (1975). This defense does not apply to a prosecution under section 36.02.

In the situation you outline, before a violation of section 36.02 can be established one of the factors which must be demonstrated beyond a reasonable doubt is that there was a representation or understanding that the legislator would be influenced in a specific exercise of his official duties. In the case you describe, a violation of 36.08 could not be established unless, among other factors, the prosecutor could establish beyond a reasonable doubt that any benefit solicited, accepted or agreed to be accepted by the legislator was not a legitimate professional fee.

Your third question asks if the legislator's sponsorship of the bill after he prepared the legal analysis violated article 6252-9b, V. T. C. S., which relates to the conduct of state officers and employees. Its purpose is set out in section 1 of the article which provides:

> Section 1. It is the policy of the State of Texas that no state officer or state employee shall have any interest, financial or otherwise, direct or indirect, or engage in any business transaction or professional activity or incur any obligation of any nature which is in substantial conflict with the proper discharge of his duties in the public interest. To implement this policy and to strengthen the faith and confidence of the people of Texas in their state government, there are provided standards of conduct and disclosure requirements to be observed by persons owing a responsibility to the people of Texas and the government of the State of Texas in the performance of their official duties. It is the intent of the legislature that this Act shall serve not only as a guide for official conduct of these covered persons but also as a basis for discipline of those who refuse to abide by its terms.

The major portion of the article requires filing of certain financial information so that the citizenry will be aware of a public official's financial interests and can assess his official conduct in light of those interests. There are only three sections of the article which provide penalties. Section 6 provides for removal from office for certain violations but does not apply to members of the Legislature. Section 7 provides a misdemeanor penalty for legislators who, in certain circumstances, represent a person before an executive agency. Section 10 provides a penalty for failure to comply with the filing requirements of the Act. Thus, none of the specific penalties provided in the article are applicable in the situation you pose.

However, section 8 of article 6252-9b does establish certain standards of conduct for state officers and employees. Section 8 provides in part:

> Sec. 8. (a) No state officer or state employee should accept or solicit any gift, favor, or service that might reasonably tend to influence him in the discharge of his official duties or that he knows or should know is being offered him with the intent to influence his official conduct.
>
> . . . .
>
> (c) No state officer or state employee should accept other employment or compensation which could reasonably be expected to impair his independence of judgment in the performance of his official duties.

While section 1 indicates:

> . . . it is the intent of the legislature that this Act shall serve not only as a guide for official conduct of these covered persons but also as a basis for discipline of those who refuse to abide by its terms

there are no specific penalties for "violation" of the guidelines established in section 8.

Article 3, section 11, of the Constitution provides:

> Each House may determine the rules of its own proceedings, punish members for disorderly conduct, and, with the consent of two-thirds, expel a member, but not a second time for the same offense.

In construing this provision of the Constitution the Texas Court of Criminal Appeals said in Ex parte Youngblood, 251 S. W. 509, 510 (Tex. Crim. 1923), that this article of the Constitution could be utilized for an inquiry concerning conflict of interest type allegations affecting legislation. See Tex. Const. art. 3, § 11.

Accordingly, the House of Representatives appears to be the appropriate body to determine whether a transgression of section 8 of article 6252-9b by a House member has occurred. Of course, whether any violation has occurred is a question of fact.

Your fourth question concerns the effect of failure to collect the legal fee on any potential violation of article 6252-9b. That, too, involves resolution of factual issues and cannot be addressed in the opinion process.

### SUMMARY

In order to convict a legislator of a bribery offense under 36.02, Penal Code, it must be shown that there was a representation or understanding that he would be influenced in a specific exercise of his official duties.

If a benefit was a legitimate professional fee an offense cannot be established under section 36.08, Penal Code.

The appropriate body to pursue questions of non-penal violations of standards involving the action of a member of the Legislature is the House of which he is a member. Whether any violation has occurred is a question of fact which cannot be resolved in the opinion process of the Attorney General.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee